IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEMIL BANTUM | : | CIVIL ACTION |
| | : | NO. 10-4195 |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al. | : | |

O'NEILL, J.                                                                                     APRIL 5, 2011

MEMORANDUM

Pro se plaintiff Jemil Bantum alleges that defendants[1] violated the rights guaranteed to her by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. Presently before me are two motions to dismiss. The first was filed on January 12, 2011 by the School District of Philadelphia and the School Reform Commission. The second was filed on January 19, 2011 by Foundations, Inc. The two motions are based on substantially the same grounds. Plaintiff has filed responses to both motions. For the following reasons, I will reserve ruling on the motions pending additional briefing from the parties.

BACKGROUND

Plaintiff is the mother of J.B., a student in the Philadelphia School District. She alleges that as early as first grade J.B. exhibited symptoms of social, emotional and behavioral disabilities. He was unable to work well either independently or in groups. He had difficulty following directions and paying attention. He demonstrated "disruptive, defiant and attention seeking behavior." Am. Compl. ¶ 2.

When he entered third grade, J.B.'s symptoms caused school officials to refer him for an

---

[1] Plaintiff has named four defendants: (1) The School District of Philadelphia; (2) The Board of Public Education; (3) The School Reform Commission; and (4) Foundations, Inc. See Am. Compl. at 2.

evaluation, which revealed his reading ability to be at a "pre-primer level." Am. Compl. ¶ 4. J.B.'s difficulties have continued to escalate during his academic career. As of the date the amended complaint was filed, J.B.'s test scores were in the "below basic" range in both reading and basic mathematics, indicating that he was at least four years behind his classmates in reading and reading comprehension and at least two years behind in math reasoning.

Plaintiff alleges that defendants have been deficient in addressing J.B.'s educational needs. Specifically, she notes that the school district has not: "conduct[ed] an appropriate Functional Assesment of Behavior;" "assess[ed] [J.B's] Occupational Therapy needs;" "administer[ed] Speech and Language assessments;" "assess[ed] [J.B's] needs relating to attention and motivation;" and/or "assess[ed] his considerable needs in Reading, Written Expression, Mathematics and his significant social, emotional and behavioral needs." Am. Compl. ¶ 10. Plaintiff further alleges that the individualized education plan ("IEP") designed for J.B. by defendants was both procedurally and substantively deficient.

When plaintiff filed the amended complaint, J.B. was failing all of his classes and was not making progress in reading, written expression or math. J.B. was also exhibiting the same behavioral difficulties that had originally appeared in first grade. Plaintiff asserts that defendants' failure to develop an IEP adequate to address J.B.'s educational needs amounts to a denial of his right to a free appropriate public education.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where

3

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

Defendants argue that I must dismiss the case for four reasons. First, because plaintiff has failed to exhaust her administrative remedies and thus this Court lacks subject matter jurisdiction to consider her claims. Second, because plaintiff has not pled sufficient facts to satisfy the standards set forth in Twombley and Iqbal. Third, because plaintiff may not assert claims on behalf of a minor under IDEA. Fourth, because plaintiff did not serve the summons and amended complaint in a timely fashion. Defendant School Reform Commission adds a fifth ground for dismissal applicable only to it–that it is "not a body corporate or legal entity" and therefore "lacks capacity to be sued." School Reform Commission's Br. at 8.

I am obligated first to satisfy myself that this Court has subject matter jurisdiction over the claims presented in this case. IDEA provides that United States District Courts "shall have jurisdiction of actions brought under this section without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3)(A). As a prerequisite to the District Court's ability to exercise subject matter jurisdiction, however, IDEA requires that a plaintiff exhaust her administrative remedies. See Jeremy H. by Hunter v. Mount Lebanon Sch. Dist., 95 F.3d 272, 281 (3d Cir. 1996) (discussing IDEA's exhaustion requirement); Komninos by Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994) ("[I]t is clear from the language of the Act that Congress intended plaintiffs to complete the administrative process before resorting to federal court."). In order to determine whether plaintiff has properly exhausted her administrative

4

remedies, a review of the applicable statutes and regulations in necessary.

IDEA requires states that receive federal educational funding to implement a system of procedural safeguards to ensure that disabled children receive a free appropriate public education. It requires first that "any party" be permitted to present a complaint to the state educational authorities identifying an alleged violation of the rights conferred by the statute. 20 U.S.C. § 1415(b)(6)(B); 24 C.F.R. § 300.151 (requiring states that receive federal educational funding to "adopt written procedures for . . . resolving any complaint [and] providing for the filing of a complaint with the [state educational agency.]"); 22 Pa. Code § 14.107 (requiring the Pennsylvania Department of Education to "establish a complaint procedure consistent with [the federal regulations]."). According to the Supreme Court, "[b]y presenting a complaint a party is able to pursue a process of review that, as relevant, begins with a preliminary meeting where the parents of the child discuss their complaint and the local educational agency is provided the opportunity to [reach a resolution]." Winkelman ex rel Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 525 (1994) (internal quotation marks omitted).

The "preliminary meeting" to which the Supreme Court referred is described in some detail in the statute. See 20 U.S.C. § 1415(f)(1)(B). The meeting must occur "within [fifteen] days of receiving notice of the parents' complaint" and must include an educational agency representative with decision making authority and at least one parent of the child whose rights have been violated. Id. The educational agency may not be represented by an attorney at the preliminary meeting unless the student is also represented by an attorney. Id. Unless the parents and the education agency agree otherwise in writing, the educational agency has thirty days following the meeting to attempt to resolve the complaint. Id. If the parties are able to resolve

the complaint within the thirty day window, the statute requires the parties to "execute a legally binding agreement that is (I) signed by both the parent and a representative of the agency who has authority to bind such agency; and (II) enforceable in any State court of competent jurisdiction or in a district court of the United States." Id. at § 1415(f)(1)(B)(iii).

"If the local educational agency has not resolved the complaint to the satisfaction of the parents," however, the parents may request an impartial due process hearing. Id. at § 1415(f)(1)(B)(ii); 22 Pa. Code § 14.162(b) ( "If parents disagree with the school district's . . . identification, evaluation, or placement of, or the provision of a free appropriate public education to the student or young child, the parent may request an impartial due process hearing."). If a party intends to pursue a due process hearing, it must request one within two years of "the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C); Taylor v. Altoona Area Sch. Dist., 737 F. Supp. 2d 474, 482-83 (W.D. Pa. 2010) (discussing IDEA's statute of limitations).

IDEA limits the class of people qualified to conduct the due process hearing. Id. at § 1415(f)(3)(A). The hearing officer "shall, at minimum, not be (I) an employee of the State educational agency or the local educational agency involved in the education or care of the child; or (II) a person having a personal or professional interest that conflicts with the person's objectivity in the hearing[.]" Id. at § 1415(f)(3)(A)(i). The hearing officer must also "possess the knowledge of, and the ability to understand, [applicable legal principles];" "possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice;" and "possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice." Id. at § 1415(f)(3)(A)(ii)-(iv).

At the due process hearing, the student is entitled to procedural safeguards including: (1) the right to be advised by counsel and by "individuals with special knowledge or training with respect to the problems of children with disabilities;" (2) "the right to present evidence and confront, cross-examine, and compel the attendance of witnesses;" (3) "the right to a written, or, at the option of the parents, electronic findings of fact and decisions . . . ." Id. at § 1415(h); 22 Pa. Code § 14.162(i)-(n). The hearing officer's decision must include findings of fact, conclusions of law and a discussion. 22 Pa. Code § 14.162(f). The decision also must identify "the courts to which an appeal may be taken." 22 Pa. Code § 14.162(o) ( "In notifying the parties of the decision, the hearing officer shall indicate the courts to which an appeal may be taken."). In Pennsylvania, the decision of the hearing officer is final.[2] See Ridley Sch. Dist. v. M.R., No. 09-2503, 2011 WL 499966, at *5 n.5 (E.D. Pa. Feb. 14, 2011).

Under federal law, "[a]ny party aggrieved by the findings and decision made under subsection (f) [which requires a due process hearing] or (k) [which provides a procedure pursuant to which a student may be placed in an "alternative educational setting"] who does not have the right to appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in

---

[2] In Ridley, my colleague Judge Goldberg noted "[a]mendments made to Pennsylvania state law, which took effect July 1, 2008, changed the appellate process by 'eliminating the Appeals Panel . . . and allowing appeals straight from the Due Process hearing to this court.'" See Ridley, 2011 WL 499966, at *5 n.5, citing Breanne C. v. S. York Cnty. Sch. Dist., 732 F. Supp. 2d 474 (M.D. Pa. 2010).

controversy."³ 20 U.S.C. § 1415(i)(2)(A); see also 22 Pa. Code § 14.162(o) ("The decision of the hearing officer regarding a child with a disability or thought to be a child with a disability may be appealed to a court of competent jurisdiction."). Any action filed pursuant to 20 U.S.C. § 1415(i)(2)(A) must be filed within "ninety days from the date of the decision of the hearing officer . . . ." Id. at § 1415(i)(2)(B); I.K. ex rel B.K. v. Sch. Dist. of Haverford Tp., No. 10-4397, 2011 WL 1042311, at *3 (E.D. Pa. Mar. 21, 2011). "In any action brought under [section 1415(i)(2)], the court . . . shall receive the records of the administrative proceedings . . . ." Id. at § 1415(i)(2)(C)(i).

Turning now to the present case, it is unclear whether plaintiff has exhausted her administrative remedies. The record reveals that she has pursued some level of administrative review. For example, she has provided a document entitled "complaint investigation report," which was issued by the School District of Philadelphia on December 23, 2008. See Pl.'s Br., Ex. B. The report addresses four "specific complaints" by plaintiff regarding J.B.'s academic accommodations. It includes sections entitled "findings," "conclusions" and "discussion" and includes a "notice" indicating "[i]n accordance with federal regulations, this report constitutes the Pennsylvania Department of Education's final decision with regard to this complaint." Id.

---

³ The "policy of requiring exhaustion of remedies in the Disabilities Education Act is a strong one." See Blunt v. Lower Merion Sch. Dist., 559 F. Supp. 2d 548, 558 (E.D. Pa. 2008), citing Komninos, 13 F.3d at 778. The exhaustion requirement was included in the statute for several reasons. First, it allows the educational agency, which presumably has considerably greater expertise in the field of education than does the Court, to attempt to resolve the complaint in the first instance. See Taylor, 737 F. Supp. 2d at 483. Second, it allows the family of the disabled child to play a role in designing appropriate accommodations. See Blunt, 559 F. Supp. 2d at 558. Third, it prevents the unnecessary duplication of judicial review by allowing the administrative agency to develop the factual record prior to review by this Court. See Woodruff v. Hamilton Tp. Public Schs., 305 F. App'x 833, 837 (3d Cir. 2009), citing S.H. v. State-Operated Sch. Dist. of City of Newark, 336 F.3d 260, 269-70 (3d Cir. 2003).

However, the complaint investigation report was prepared by a "special education adviser," not a hearing officer, and it does not identify, as required by Pennsylvania law, the courts to which an appeal of the decision may be taken. See 22 Pa. Code § 14.162(o). The complaint investigation report also does not indicate that a hearing was held or that evidence was taken.[4] Even assuming that the complaint investigation report filed by plaintiff was the result of a due process hearing,[5] plaintiff cannot argue that it alone satisfies IDEA's administrative exhaustion requirement because this lawsuit was filed in August 2010, more than ninety days after the complaint investigation report was issued. See Pl.'s Br., Ex. B (noting that the complaint investigation report was issued December 23, 2008). Under the statute, then, the complaint filed in this Court would be untimely. 20 U.S.C. § 1415(i)(2)(B) (Any action filed pursuant to 20 U.S.C. § 1415(i)(2)(A) must be filed within "ninety days from the date of the decision of the hearing officer . . . .").[6]

The evidence submitted by plaintiff therefore does not establish that she has exhausted her administrative remedies. Because plaintiff appears to have pursued some level of

---

[4] Plaintiff has also submitted a January 8, 2010 letter from the chief attorney of the Philadelphia office of the United States Department of Education's Office of Civil Rights. Pl.'s Br., Ex. C. The letter notes that the Office of Civil Rights is responsible for enforcing the Rehabilitation Act or the Americans with Disabilities Act. Id. The letter relays the OCR's findings that the Philadelphia School District's actions did not constitute retaliation or an unlawful "change in placement" under the Rehabilitation Act or the ADA. The letter contains no discussion of IDEA. This letter, therefore, does not constitute a relevant final decision for the purposes of administrative exhaustion under IDEA.

[5] I am skeptical that the complaint investigation report was issued as a result of a due process hearing.

[6] Moreover, my review of the docket reveals that plaintiff has not filed a copy of the administrative record as required by 20 U.S.C. § 1415(i)(2)(C)(i).

administrative review, however, and is presently proceeding without the assistance of counsel, I will grant her thirty days within which to file the administrative record, which she is entitled to obtain at no cost to herself, 22 Pa. Code § 14.162(h) ("A written or at the option of the parents, electronic verbatim record of the hearing shall, upon request, be made and provided to parents at no cost."), along with any other documents that establish that she has exhausted her administrative remedies.[7] She should accompany her filings with a brief explaining exactly what actions she took in exhausting her administrative remedies.[8] I will reserve ruling on the remainder of defendants' motions to dismiss pending disposition of the jurisdictional question.[9]

An appropriate Order follows.

---

[7] For plaintiff's benefit, I emphasize that in order to satisfy IDEA's statute of limitations an aggrieved party must request a due process hearing within two years of "the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C); Taylor, 737 F. Supp. 2d at 482-83 (discussing IDEA's statute of limitations). In other words, plaintiff has two years from the date she learned or should have learned of her injury to request that the School District provide her with a due process hearing. Therefore, if she has not yet requested a due process hearing, it is in plaintiff's best interest to do so as promptly as possible. Otherwise, she risks being time-barred from seeking administrative redress for some or all of her claims. To the extent she is unable to obtain administrative review on some or all of her claims, she will be unable to seek this Court's review on those claims because those claims will not have been administratively exhausted.

[8] In the unlikely event that limited discovery is necessary to answer this question, plaintiff should file an appropriate motion.

[9] Ordinarily, where plaintiff fails to establish that she has exhausted her administrative remedies, a matter on which she bears the burden of proof, I would dismiss her claim for lack of subject matter jurisdiction. In this case, I will take the less severe approach of ordering additional briefing in light of the fact that plaintiff is proceeding without the assistance of counsel and appears to have pursued some level of administrative review. This arrangement should not place any additional burden on defendants, as the additional documents I have requested should be in plaintiff's possession.